# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| RICHARD D. MEIMIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-115 |
| | ) | |
| STATE OF GEORGIA; | ) | |
| AL ST. LAWRENCE, *Sheriff*; | ) | |
| and CHATHAM COUNTY | ) | |
| METROPOLITAN POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This Court granted Richard D. Meimin (a jail detainee) leave to proceed in forma pauperis (IFP) in this 42 U.S.C. § 1983 case, and he has completed his IFP paperwork. Docs. 3, 5, 6. Hence, the Court must now screen his complaint. 28 U.S.C. § 1915(e)(2)(B) (i)-(iii) (requiring courts to dismiss a prisoner's civil action prior to service of process if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief); *see also* 28 U.S.C. § 1915A (court can dismiss

for failure to state a claim upon which relief may be granted).

Meimin alleges that while in police custody on December 10, 2007, he was taken to a Savannah, Georgia hospital for a gunshot wound. Doc. 1 at 5. He wound up with a temporary colostomy bag and was promised follow-up surgery, but it was initially denied because a jail official deemed it "cosmetic." *Id.* Four months later, he says,

> I was starting to have complications. I was bleeding and had sharp pain in my stomach where I could not sleep. I confronted the guard on duty about the bleeding[.] [T]hey then took me up to medical w[h]ere a doctor tested my colostomy for blood. She then looked at my files and noticed that I had a surgery date but [was not] taken [to the hospital by jail officials]. I then went into detail about [the jail] not wanting to take me. [Two] days later I talked to Doctor Novac and she said she would try to get the [jail] administration to approve [the] surgery for the second time [because] it was now causing problems. I was suppose[d] to go to surgery in June of 2008 [but was] not taken until 4 months later[,] Oct[ober] 2008.

*Id.* at 5-6.

Meimin "want[s] the respondent to be sued and taxed for all medical bills and also sued for pain and suffering for medical *neglect* and for punitive damages." *Id.* He also wants defendants to pay his hospital bills from December 10-25, 2007. *Id.*

The Court reviews Meimin's complaint under two sets of

2

standards: procedural, then substantive. First, since he is at the pleading stage, the Court reviews it as if challenged under Fed. R. Civ. P. 12(b)(6). *Granda v. Schulman*, 2010 WL 1337716 at * 2 (11th Cir. Apr. 7, 2010). At that stage, *Granda* explains,

> a complaint must contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which possesses "enough heft to sho[w] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007) (alteration in original) (citation and quotation omitted). Courts must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citation omitted); *cf. Ashcroft v. Iqbal*, ___U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65 (alteration in original) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 555, 570, 127 S.Ct. at 1965, 1974.

2010 WL 1337716 at * 2; *Moton v. Walker*, 2010 WL 2136553 at *3 (M.D. Fla. May 26, 2010) ("It is not enough that a claim is conceivable, the applicable standard is that a claim must be plausible on its face, and is

subject to dismissal when the facts pled do not meet this requirement.").

Also,

> [t]o state a claim of inadequate medical treatment, a prisoner must allege facts that satisfy both an objective and a subjective requirement. *See Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). The plaintiff must allege an "objectively serious deprivation" of medical care, which requires (1) "an objectively serious medical need . . . that, if left unattended, pos[es] a substantial risk of serious harm," and (2) that the state actor's response "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligen[ce] in diagnosi[s] or treat[ment], or even [m]edical malpractice actionable under state law." *Id.* (alterations in original) (internal quotations and citations omitted). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citation and quotations omitted).
>
> A prisoner also must allege the state actor's subjective intent to punish by pleading facts that would show that he acted with deliberate indifference. *Taylor*, 221 F.3d at 1258. Accordingly, a prisoner alleges deliberate indifference by pleading: (1) the actor's "subjective knowledge of a risk of serious harm;" (2) the actor's "disregard of that risk;" and (3) "conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted). Allegations of a complete denial of readily available treatment for a serious medical condition would state a claim for deliberate indifference. *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994). Deliberate indifference includes: (1) "grossly inadequate care," (2) "a decision to take an easier but less efficacious course of treatment," and (3) medical care that is "so cursory as to amount to no treatment at all." *Brown*, 387 F.3d at 1351 (citation and quotation omitted) (holding that a prisoner

4

stated a claim under the Eighth Amendment where he alleged that he was prescribed medications to treat hepatitis and the human immunodeficiency virus ("HIV"), but "complain[ed] of complete withdrawal of treatment").

*Granda*, 2010 WL 1337716 at * 3 (footnote omitted).

Meimin's pleadings fail to meet these substantive standards. At most he alleges medical neglect, and he even uses that term in his claim for relief. Doc. 1 at 7. He clarifies on pages 3 and 4 of his form complaint that he had received a colostomy, and he does not dispute that follow-up surgery was properly characterized as elective. Doc. 1 at 3-4. He then relates that he endured complications, was seen by a doctor (he does not complain about any lack of promptness at that stage), and received surgery, just not as promptly as he wished. *Id.* at 5-6.

Importantly, Meimin does not allege that the surgery delay caused him serious medical harm. Even if it can be said that he did, he cites no particular state actor's "subjective knowledge of a risk of serious harm," much less his "disregard of that risk" amounting to "conduct that is more than mere negligence." *Granda*, 2010 WL 1337716 at *3 (quotes and cites omitted).

Nor does plaintiff allege a causal connection between claimed

medical deprivation and the one individual, supervisory capacity defendant (St. Lawrence) that he has named. *See Gonzalez v. Reno*, 325 F.3d 1228, 1234-35 (11th Cir. 2003) (discussing § 1983 liability under a theory of supervisory liability which requires either direct participation in the constitutional violation or a causal connection between the actor and the supervisor); *Osagie v. Metro Dade Corrections*, 2010 WL 1993872 at * 2 (S.D. Fla. Apr. 28, 2010).

Put another way, it is legally insufficient to, as Meimin has done here, simply name the jail's head supervisor without more. In a § 1983 action, the plaintiff must plead that each governmental defendant, through his own individual actions, has violated the Constitution. *Keating v. City of Miami*, 598 F.3d 753, 762-63 (11th Cir. 2010) (reminding that "heightened pleading" requirements apply in such cases). That means that St. Lawrence cannot be held liable merely for an improper or even unconstitutional act of an employee under a theory of respondeat superior. *Gonzalez*, 325 F.3d at 1234-35. Rather, Meimin must allege that his injuries resulted from an official custom, policy, or practice stemming from St. Lawrence. *Id.* He must also plead a causal

6

link between that policy or custom and his claimed injury. *Id.*; *Keating*, 598 F.3d at 762; *Warbington v. Wigington*, 2010 WL 1328252 at * 2 (N.D. Ga. Mar. 31, 2010). He has done none of these things.

Finally, the defendant State of Georgia cannot be sued for damages (Meimin seeks no injunctive relief) because it is immune under the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). And sheriff and police departments are not usually considered legal entities subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against sheriff's department because department was not subject to suit under Alabama law); *see also McKinnie v. Boseman*, 2009 WL 3753989 at * 2 (S.D. Ga. Nov. 9, 2009); *Griffin v. Hillsborough County Sheriff's Department*, 2009 WL 4547054 at *2 (M.D. Fla. Nov. 30, 2009) (same result under Florida law).[1] Hence,

---

[1] As one court explained:

> Georgia only "recognizes three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue," such as a partnership. *Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318, 368 S.E.2d 500 (1988); citing *Cravey v. Southeastern Underwriters Association*, 214 Ga. 450, 453, 105 S.E.2d 497 (1958). If a named defendant or plaintiff is neither a natural person, a corporation, nor a partnership, the suit is improper. *Smith v. Commissioners of Roads and Revenue of Glynn County*, 198 Ga. 322, 324, 31 S.E.2d 648, 649 (1944). The Georgia Supreme Court has held

7

the defendant Chatham County Metropolitan Police Department must be dismissed because it is simply not capable of being sued within the meaning of Fed. R. Civ. P. 17.

Because plaintiff Richard D. Meimin has failed to state a claim against these defendants, his complaint should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this __10th__ day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

that this type of defect is not amendable. *Id.*; *see also, Board of Road and Revenue Commissioners of Candler County v. Collins*, 94 Ga.App. 562, 95 S.E.2d 758, 759 (1956).

*Williams v. Muscogee County Sheriff's Dept.*, 2009 WL 1457156 at * 3 (M.D. Ga. May 22, 2009); *id.* (dismissing county sheriff's department for lack of legal capacity).